#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TRUEY DUANE HICKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. CIV-19-203-TDD |
| | ) |
| FG MINERALS LLC, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### O R D E R

Before the Court is Plaintiff's Motion to Remand [Doc. No. 12], filed pursuant to 28 U.S.C. § 1447(c) to dispute federal subject matter jurisdiction. Specifically, Plaintiff challenges allegations of fraudulent joinder made by Defendant FG Minerals, LLC in its Notice of Removal to establish diversity jurisdiction despite the presence of a nondiverse defendant, Sheila Lewis.[1] FG Minerals has filed a response [Doc. No. 16] in opposition to the Motion.[2] For the following reasons, the Court finds that the Motion should be denied.

### Factual and Procedural Background

This case concerns Plaintiff's overriding royalty interest in the production of sand under a mining lease granted by Sheila Lewis on real property located in Johnston County,

---

[1] Before removal, Plaintiff filed proof that Lewis was served by registered mail on June 15, 2019. To date, Lewis has neither answered nor otherwise appeared, but Plaintiff has taken no further action to pursue a claim against her.

[2] Plaintiff did not file a reply brief under LCvR 7.1(e), but did make additional arguments in support of his claims against Lewis in response to FG Minerals' motion to dismiss. *See* Pl.'s Resp. Br. [Doc. No. 22] at 10-14. Mindful of the standard for assessing fraudulent joinder (discussed *infra*), the Court has elected to consider these arguments as well.

Oklahoma. FG Minerals is an assignee of the lease and conducts mining operations on the property. FG Minerals has also acquired nearby properties, which Plaintiff alleges he was involved in identifying and testing under an agreement by which he would earn an overriding royalty interest on sand mined from those properties as well. Plaintiff does not identify a written agreement regarding additional properties, or describe specific terms of the alleged agreement. Plaintiff instead claims that certain language in the mining lease and assignments entitle him to receive royalties on sand mined from adjoining properties that is processed on the leased land. He alleges that a plant was built on the Lewis property in 2008, that the plant began operating in 2009, and that he received the overriding royalty payments to which he was entitled on production and sales from the plant from March 2009 to March 2018. Plaintiff alleges that royalty payments ceased in 2018 after FG Minerals: 1) purchased part of Lewis' property and amended the underlying lease;[3] and 2) began transporting sand from other properties to be processed at the plant on Lewis' property.

On April 12, 2019, Plaintiff filed suit against FG Minerals and Lewis in state court asserting claims for breach of contract and fraud. *See* Compl. [Doc. No. 2-2]. Plaintiff claims he has not received all royalty payments to which he was entitled on sand produced from Lewis' property and sand processed at the Lewis plant. Plaintiff also alleges that Defendants have engaged in conduct designed to deprive him of his royalty interest. Specifically as to Lewis, Plaintiff claims she participated in "fraudulent schemes and conspiracies" and "acted in fraudulent concert" with FG Minerals "to deprive and to cheat

---

[3] Allegations regarding amendments to the lease were added in an amended pleading, as discussed *infra*.

2

[Plaintiff] from being paid [his] overriding royalty for all sand products produced from or processed on the Sheila Lewis property from other adjacent or nearby tracts as described in Paragraph 5 [of the Complaint]." *Id.* ¶ 25 and pp. 19-20 (Third Cause of Action).

FG Minerals timely removed the case to federal court on June 27, 2019, invoking diversity jurisdiction under 28 U.S.C. § 1332 based on allegations that Lewis should be disregarded as a defendant because Plaintiff fraudulently joined Lewis to defeat diversity of citizenship. *See* Notice of Removal [Doc. No. 2], ¶¶ 9-11. FG Minerals asserts that Plaintiff's pleading fails to state any claim against Lewis and "there is no basis to believe the plaintiff might succeed in [any] claim against her under well-settled Oklahoma law." *Id.* ¶ 9 (footnote omitted).

By his Motion, Plaintiff asserts that Defendant is wrong, but alternatively, Plaintiff has amended his pleading to establish "there has not been a fraudulent joinder of Lewis." *See* Mot. Remand ¶ 4. According to Plaintiff, the First Amended Complaint [Doc. No. 20] "elaborates on the fraud/constructive fraud claims" against Lewis based on "recently discovered facts and actions since the filing of this lawsuit" and adds claims against her "for tortious interference and civil conspiracy." *See id.* Plaintiff argues that FG Minerals' allegations of fraudulent joinder are based on a possible pleading deficiency in his fraud claim against Lewis, which can be (and has been) cured by amendment, and his added claims provide other valid theories of recovery under Oklahoma law. *See id.* ¶¶ 11-12.

In response, FG Minerals does not disagree with Plaintiff's position that his First Amended Complaint can be considered to assess fraudulent joinder. *See* Resp. Br. at 3-4. However, FG Minerals maintains that the First Amended Complaint still fails to state "a

plausible claim against Lewis" and demonstrates "there is no possibility that [Plaintiff] could ever recover from her." *Id*. at 4.

## Standard of Decision

Subject matter jurisdiction over this case turns on the doctrine of fraudulent joinder. "To establish fraudulent joinder, the removing party must demonstrate either: 1) actual fraud in the pleading of jurisdictional facts, or 2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (internal quotation omitted). FG Minerals relies solely on the second basis. As the removing party, FG Minerals must establish federal jurisdiction. *See McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008).

"The defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff." *Dutcher*, 733 F.3d at 988 (internal quotation omitted). In this case, FG Minerals must show "there is no possibility that [Plaintiff] would be able to establish a cause of action against [Lewis] in state court." *See Montano v. Allstate Indem.*, No. 99-2225, 2000 WL 525592, *1 (10th Cir. April 14, 2000) (unpublished) (internal quotation omitted).[4] The nonliability of Lewis must be "established with complete certainty." *See Smoot v. Chicago, Rock Island & Pac. R.R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967); *Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964). "This standard is more exacting than that for dismissing a claim under Fed. R. Civ. P. 12(b)(6)." *Montano*, 2000 WL 525592 at *2.

---

[4] Unpublished opinions are cited pursuant to Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

In assessing fraudulent joinder, "the court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Dodd*, 329 F.2d at 85 (citations omitted); *see Smoot*, 378 F.2d at 881-82 ("[I]t is well settled that upon allegations of fraudulent joinder designed to prevent removal, federal courts may look beyond the pleadings to determine if the joinder, although fair on its face, is a sham or fraudulent device to prevent removal."); *accord Brazell v. Waite*, 525 F. App'x 878, 881 (10th Cir. 2013) (unpublished); *see also Nerad v. AstraZeneca Pharm., Inc.*, 203 F. App'x 911, 913 (10th Cir. 2006) (unpublished) ("While a court normally evaluates the propriety of a removal by determining whether the allegations on the face of the complaint satisfy the jurisdictional requirements, fraudulent joinder claims are assertions that the pleadings are deceptive.").

## Discussion

Initially, FG Minerals' claim of fraudulent joinder was based on alleged deficiencies in Plaintiff's state-court pleading, but the standard of decision allows the Court to look beyond the Complaint. Case law holds, and FG Minerals concedes, that a plaintiff may properly be allowed to provide after removal a more detailed statement of alleged facts that existed at the time of removal, regardless whether the allegations were included in his initial pleading, to explain the factual basis of his claims. To the extent Plaintiff has done so here, the Court will consider the additional factual allegations of the First Amended Complaint to determine whether Plaintiff has a cause of action against Lewis.[5]

---

[5] As discussed *infra*, however, a plaintiff may not be able to add new claims or legal theories after removal to defeat a claim of fraudulent joinder.

**A.     Plaintiff's Fraud Theory**

Considering the claim of fraud that Plaintiff originally asserted against Lewis – that she "acted in fraudulent concert" with FG Minerals "to cheat [Plaintiff] from being paid [his] overriding royalty for all sand products produced from or processed on [her] property" (Compl. ¶ 25 and 19-20 (Third Cause of Action)) – the Court finds that this was an insubstantial claim, asserted solely to stave off removal.  Considering the claim of fraud that Plaintiff now asserts against Lewis – that she "failed to disclose to Plaintiff material facts, including the nature of her secret dealings with FG Minerals" (Am. Compl. ¶ 53) – the Court finds that this claim is both insubstantial and based on facts that were unknown to Plaintiff when he filed suit and so could not have formed a basis for joinder.

Under Oklahoma law, a fraud claim based on a theory of fraudulent nondisclosure or concealment, also known as constructive fraud, consists of the following elements:

> (1)  That the defendant owed plaintiff a duty of full disclosure.  This duty could be part of a general fiduciary duty owed by the defendant to the plaintiff.  This duty could also arise, even though it might not exist in the first instance, once a defendant voluntarily chooses to speak to plaintiff about a particular subject matter;
>
> (2)  That the defendant misstated a fact or failed to disclose a fact to plaintiff;
>
> (3)  That the defendant's misstatement or omission was material;
>
> (4)  That plaintiff relied on defendant's material misstatement or omission; and
>
> (5)  That plaintiff suffered damages as a result of defendant's material misstatement or omission.

*Specialty Beverages, L.L.C. v. Pabst Brewing Co.*, 537 F.3d 1165, 1180-81 (10th Cir. 2008) (internal quotation and omitted) (applying Oklahoma law, collecting cases).

Plaintiff fails to identify in his pleadings any material misrepresentation by Lewis, or any material omission where she had a duty to speak, and fails to allege detrimental reliance on any misrepresentation or omission. Contrary to argument in Plaintiff's brief, his original pleading did not allege any of these things; he claimed only a vague "fraudulent concert" of action by Lewis and FG Minerals. Plaintiff now articulates his legal theory as a claim of constructive fraud against Lewis, but he attempts to plead this claim by making only conclusory allegations regarding each element. This style of pleading is insufficient to satisfy federal standards that govern the First Amended Complaint. These standards require that Plaintiff provide enough facts to state a plausible claim under Fed. R. Civ. P. 12(b)(6), and plead fraud with particularity as required by Fed. R. Civ. P. 9(b).[6]

Upon examination of the First Amended Complaint, the Court finds that Plaintiff has failed to provide any substantial factual allegations that would state a fraud claim against Lewis. Plaintiff alleges, for example, that Lewis made a material omission by not disclosing "her secret dealings with FG Minerals" and that she "had a legal and equitable duty to Plaintiff" arising from "her prior dealings and relationship with [him]." *See* Am. Compl. ¶¶ 53, 56-57. Plaintiff fails to identify what facts should have been disclosed, or

---

[6] To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain enough factual allegations that, accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has facial plausibility when the court can draw "the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Rule 9(b) requires a plaintiff to "state with particularity the circumstances constituting fraud," which requires that a complaint "set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *Schwartz v. Celestial Seasonings, Inc*., 124 F.3d 1246, 1252 (10th Cir. 1997); *accord United States ex rel. Lemmon v. Envirocare of Utah, Inc*., 614 F.3d 1163, 1171 (10th Cir. 2010). A plaintiff must, at a minimum, set forth the "who, what, when, where, and how of the alleged fraud." *United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 727 (10th Cir. 2006).

what relationship might have created any duty to him.[7] Plaintiff explains in his briefs that a fraud claim against Lewis based on "secret dealings" with FG Minerals, refers to amendments to the underlying lease that were not recorded in county land records until June 2019 and newly-discovered affidavits. *See* Pl.'s Resp. Br. [Doc. No. 22] at 11-12 (citing Am. Compl. ¶¶ 34, 36-43, 52-58). Plaintiff admits he was unaware of these facts when he filed his original Complaint. *See* Mot. Remand ¶ 4; Am. Compl. at pp. 1-2 ("Introduction Summary"). Facts that were unknown to Plaintiff when he first filed suit against Lewis could not possibly have formed a basis for joining her as a defendant.

Plaintiff also alleges that he relied on Lewis' silence to his detriment because he "could have taken immediate actions to protect himself and his entitlement to overriding royalty payments" if he had known unspecified facts that were withheld by Lewis. *See* Am. Compl. ¶ 54. Plaintiff identifies nothing he would have done differently from filing suit, which he did anyway. Plaintiff also does not allege any injury caused by Lewis' nondisclosure of material information. He does not identify any loss resulting from Lewis' alleged failure to disclose information to him.[8]

Plaintiff has thus failed in his second attempt to plead a fraud claim against Lewis. The same pleading deficiencies which lead the Court to conclude the fraud claim is

---

[7] Plaintiff cannot base any duty to speak on a voluntary disclosure that omitted material facts because Lewis refused to speak with Plaintiff when he tried to contact her (and, instead, later spoke to his father, Truey Dale Hicks). *See* Am. Compl. ¶ 52.

[8] Plaintiff alleges that Lewis agreed to amend the underlying lease to receive rental payments in lieu of royalties, but he does not explain how Lewis' failure to disclose this change injured him. The lease amendment expressly acknowledged Plaintiff's overriding royalty interest.

insubstantial, were raised by FG Minerals in a motion to dismiss filed before Plaintiff moved for remand. *See* Def.'s Mot. Dismiss [Doc. No. 7] at 8-10. Plaintiff moved to amend his original Complaint (although a motion was unnecessary under Rule 15(a)(1)(B)) in order to cure these deficiencies and to satisfy federal pleading rules. *See* Pl.'s Mot. Amend [Doc. No. 11]; Pl.'s Resp. Def.'s Mot. Dismiss [Doc. No. 13] at 2-4, 10-12. Under these circumstances, where one must assume Plaintiff gave the current pleading his best effort, the Court finds that any further amendment (which is not requested) would be futile. Also, any new facts that Plaintiff might add were also unknown when he originally elected to sue Lewis and could not have informed his joinder decision. Thus, further pleading would be ineffectual to show the original joinder was well grounded and not fraudulent.

Therefore, the Court finds that Plaintiff fraudulently joined Lewis in his suit against FG Minerals by claiming she committed fraud in concert with FG Minerals.

**B.     Plaintiff's New Theories**

FG Minerals also challenges the additional tort claims against Lewis – tortious interference with a contractual or business relationship, and civil conspiracy – included in the First Amended Complaint. Because even one colorable claim overcomes fraudulent joinder, the Court proceeds to address Plaintiff's new theories of recovery. Under the circumstances, however, the Court finds that these new theories cannot save Plaintiff's action against Lewis from a finding of fraudulent joinder.

FG Minerals persuasively argues that Plaintiff's new theories of recovery from Lewis are unfounded. Plaintiff lists as his Third Cause of Action in the First Amended Complaint: "Tortious Interference With Prospective Economic Advantage and/or Contract

9

and/or Contractual and Business Rights and Relationship Against Sheila Lewis." Plaintiff presents in his pleading only "a formulaic recitation of the elements of a cause of action" and fails to state a claim. *See Iqbal*, 556 U.S. at 678.[9]  Similarly, his Fourth Cause of Action for "Civil Conspiracy Against FG Minerals and Sheila Lewis" includes only conclusory allegations that they "combined together and worked in concert" and Lewis "unlawfully conspired with FG Minerals" to deprive Plaintiff of overriding royalty payments. *See* Am. Comp. ¶¶ 63-65.  Aside from this pleading defect, civil conspiracy is not an independent claim; "an underlying unlawful act is necessary." *Peterson v. Grisham*, 594 F.3d 723, 730 (10th Cir. 2010) (Oklahoma law).

More important for assessing fraudulent joinder, the Court finds that Plaintiff's new theories are not appropriate for consideration under the circumstances. "Post-removal filings may not be considered . . . when or to the extent that they present new causes of action or theories not raised in the controlling petition filed in state court." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 700 (5th Cir. 1999); *see Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 263 (5th Cir. 1995). This rule is consistent with case law holding that

---

[9] To prevail on a claim for tortious interference under Oklahoma law, a plaintiff must show: "1) interference with a business or contractual right; 2) malicious and wrongful interference that is neither justified, privileged, nor excusable; and 3) damage proximately sustained as a result of the interference." *Tuffy's, Inc. v. City of Okla. City*, 212 P.3d 1158, 1165 (Okla. 2009); *see Berry & Berry Acquisitions, LLC v. BFN Props., Inc.*, 416 P.3d 1061, 1075 n.50 (Okla. 2018). The First Amended Complaint states that "Plaintiff has a business relationship with FG Minerals and/or an expectancy that he would be paid the overriding royalties described herein" and that Lewis "intentionally and wrongfully interfered with . . . and caused a disruption or termination thereof, namely the cessation of the payment of overriding royalties to Plaintiff." *See* Am. Comp. ¶¶ 59-60, 62. Plaintiff simply parrots these conclusory allegations in his brief. *See* Pl.'s Resp. Def.'s Mot. Dismiss at 12-13. Plaintiff does not identify what Lewis did to harm his relationship with FG Minerals or cause it to stop paying him.

"the propriety of removal is judged on the complaint as it stands at the time of the removal," *Salzer v. SSM Health Care of Okla. Inc*., 762 F.3d 1130, 1133 (10th Cir. 2014) (internal quotation omitted), and that events subsequent to removal cannot defeat jurisdiction once it has attached. *See St. Paul Mercury Indem. Co. v. Red Cab Co*., 303 U.S. 283, 293 (1938); *Miera v. Dairyland Ins. Co*., 143 F.3d 1337, 1340 (10th Cir. 1998).

Plaintiff relies on an unpublished decision from the Northern District of Oklahoma, *Lopez v. Continental Tire North America, Inc*., No 17-CV-477-TCK-FHM, 2018 WL 2560332 (N.D. Okla. June 4, 2018), to argue that additional allegations in an amended complaint can be considered. *Lopez* is distinguishable and does not assist Plaintiff. It concerned an allegedly defective tire manufactured by the removing defendant; the local defendants were retailers who sold the tire. Although the retailers were named as defendants, the complaint contained no factual allegations or claims against them. After removal, the plaintiff moved to amend the complaint and remand the case, asserting that the omission was inadvertent. Considering materials outside the complaint, including the proposed amendment and an affidavit of counsel, the district court was "satisfied that Plaintiff had, at the time of removal, at least some possibility of recovering against the Retail Defendants under state law" and the manufacturer had "not met its burden to show that the Retail Defendants were fraudulently joined." *Lopez*, 2018 WL 2560332 at *4, *5.

The court in *Lopez* rejected the manufacturer's position that the amended complaint should not be considered. The court relied on *Nerad v. AstraZeneca Pharmaceuticals, Inc*., 203 F. App'x 911 (10th Cir. 2006) (unpublished), which it viewed as implicitly approving the consideration of a plaintiff's ability to amend in determining fraudulent joinder. The

11

Tenth Circuit in *Nerad* was considering whether the appealed decision was based on a jurisdictional inquiry pursuant to § 1447(c) and thus unreviewable under § 1447(d). The Tenth Circuit answered this question in the affirmative because it found the district court had remanded the case upon rejecting a claim of fraudulent joinder. The court of appeals reasoned: "Although the [district] court considered whether future amendments might allow [plaintiff] to state his [fraud] claims with sufficient particularity to satisfy Fed. R. Civ. P. 9(b), it did so only in order to determine whether there was a possibility that the nondiverse party could be liable to the plaintiff in state court. . . . [T]he court determined that success was reasonably possible *at the time of removal* because, although the plaintiff might be required to amend his complaint, that amendment would be allowed as a matter of course." *Nerad*, 203 F. App'x at 914 (emphasis in original). The general proposition from *Nerad* is that a district court can consider an amended pleading that restates or amplifies a claim that existed at the time of removal. But here, Plaintiff is attempting to manufacture new claims.

Further, an examination of the First Amended Complaint makes clear that Plaintiff's new theories are based on alleged facts that were unknown to him when he originally joined Lewis as a defendant and, thus, could not have formed the basis of his joinder decision. Plaintiff did not know when he filed suit that Lewis had agreed to any lease amendments or executed any new documents so Plaintiff could not have based his decision to sue Lewis on these alleged facts. Indeed, some of the documents post-date FG Minerals' removal of the case to federal court and so could not possibly have provided a basis to join Lewis in

12

state court. Thus, under the circumstances of this case, the Court finds that Plaintiff's newly asserted theories of recovery against Lewis should be disregarded.

In summary, on the record presented, the Court finds that Plaintiff joined Lewis as a defendant without any basis for recovery against her. Plaintiff's joinder of Lewis was a sham designed to destroy diversity and prevent removal.

## Conclusion

For these reasons, the Court finds that FG Minerals has established Plaintiff's fraudulent joinder of Defendant Sheila Lewis. In this situation, the fraudulently joined defendant is disregarded as a party; complete diversity of citizenship exists; and subject matter jurisdiction has been shown. Therefore, this case was properly removed to federal court and cannot be remanded under 28 U.S.C. § 1447(c). The proper disposition of Plaintiff's action against Lewis is a dismissal without prejudice for lack of jurisdiction.[10]

IT IS THEREFORE ORDERED that Plaintiff's Motion for Remand [Doc. No. 12] is DENIED. Plaintiff's action against Defendant Sheila Lewis is DISMISSED without prejudice.

IT IS SO ORDERED this 1st day of May, 2020.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[10] See *Albert v. Smith's Food & Drug Ctrs., Inc.*, 356 F.3d 1242, 1249 (10th Cir. 2004) ("Once it determined that [the resident defendants] were fraudulently joined, the district court had no jurisdiction to resolve the merits of the claims against them. In cases where the district court has determined that it lacks jurisdiction, dismissal of a claim must be without prejudice.").